In the Matter of DUMAS GABBRIELLINI (Admitted as DUMAS GABBRIELLINI, JR.), an attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 11, 1991

### APPEARANCES OF COUNSEL

*Christopher D. Kerr* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Petitioner, the Departmental Disciplinary Committee for the First Department, seeks an order suspending respondent from practice pursuant to 22 NYCRR 603.4 (e) (1) (i) pending resolution of the charges against him.

Respondent was admitted to practice in the First Department on July 8, 1971, under the name Dumas Gabbriellini, Jr. Respondent maintained an office for the practice of law in the First Department at the time of the conduct leading to the instant complaints. It is alleged that he no longer maintains such an office.

On May 16, 1988, the Departmental Disciplinary Committee received a complaint against respondent from Curtis Powell, Jr. Mr. Powell questioned the propriety of certain alleged disbursements which the respondent had deducted from the proceeds of the settlement of a personal injury action in which Mr. Powell had been represented by respondent.

Initially, respondent submitted a response to the complaint, dated June 16, 1988, and a follow-up letter dated July 13, 1988. Also in response to staff counsel's requests, further documentation was submitted by respondent with his letters of September 19, October 19, and November 14, 1988 and March 1, 1989.

In August 1989, a further review of respondent's file by the Committee resulted in the uncovering of several discrepancies involving disbursements claimed by respondent on his closing statement which had apparently resulted in several overcharges to Mr. Powell.

On July 18, 1989, the Committee received a complaint from Angel L. Rodriguez. Mr. Rodriguez alleged that respondent had failed to communicate with him and had neglected a claim which was to be brought against Allstate Insurance Company as a result of a March 23, 1986 accident.

Respondent was advised of the Rodriguez complaint by the Committee's letters of July 25, August 21, September 7, and September 22, 1989. Receipt of the last letter, on September 25, 1989, is evidenced by the certified mail return receipt.

Respondent never submitted a response to the Rodriguez complaint.

On November 8, 1989, the Committee received a complaint from Sarah Samuels. Ms. Samuels alleged that on March 15, 1989, she had signed a settlement agreement for $3,000 but never received any of her money from respondent.

Letters requesting a response to Ms. Samuels' complaint were sent to respondent on November 15, December 11, and December 28, 1989. Receipt of the third of these letters on January 2, 1990, is evidenced by the certified mail return receipt.

Respondent never submitted a response to the Samuels complaint.

On November 14, 1989, the Committee received a complaint from Julia Yannone. Ms. Yannone complained about respondent's neglect and failure to communicate with regard to her case, arising out of an October 27, 1987 accident.

Letters requesting a reply to Ms. Yannone's complaint were sent to respondent on December 7, 1989, January 3, 1990, and January 22, 1990. Receipt of the third letter, on January 24, 1990, is evidenced by the certified mail return receipt.

Respondent never submitted a response to Ms. Yannone's complaint.

On December 29, 1989, the Committee received a complaint from Carmen Vega. Ms. Vega alleged that she had been unable to communicate with the respondent for two years regarding an accident she had had on November 15, 1985.

Copies of Ms. Vega's complaint were sent to respondent for his response by letters dated January 16 and February 13, 1990. The second of these letters which had been sent by certified mail return receipt requested, was returned to the Committee with a handwritten notation, "return sender, moved left no address."

Respondent never submitted an answer to Ms. Vega's complaint.

On February 13, 1990, the Committee received a complaint from Yevette Lamela. Ms. Lamela alleged that she had been trying unsuccessfully to contact respondent for two years, in connection with the matter of her son's February 1, 1987 accident.

Ms. Lamela's complaint was sent to the respondent for a response by letters dated March 2 and March 29, 1990. The second of these letters, sent by certified mail return receipt requested, was returned to the Committee as undeliverable.

Respondent never submitted an answer to the complaint of Ms. Lamela.

On December 14, 1989, a subpoena was issued by this court with regard to the Powell matter. When the Committee's staff had been unable to timely serve the respondent, a second subpoena relating to the Powell, Samuels, Yannone, and Vega matters, was obtained on January 19, 1990. However, despite their best efforts, the Committee's staff has been unable to effect personal service of this subpoena upon the respondent.

Respondent has similarly defaulted on this application to suspend him from the practice of law until such time as the matter pending before the Committee has been concluded.

Under the circumstances, the motion to suspend should be granted. Respondent's total disregard of the letter inquiries, and the inability of the Committee to serve the subpoena, clearly establish a failure to cooperate with the Committee in its investigation. Accordingly, on that basis, pursuant to 22 NYCRR 603.4 (e) (1) (i), respondent should be suspended from the practice of law forthwith until such time as the complaints against him have been finally disposed of and until the further order of this court.

MURPHY, P. J., MILONAS, ROSS, ASCH and RUBIN, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective forthwith, until such time as the complaints against him have been finally disposed of and until the further order of this court.